UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARBARA MAYFIELD                                                    CIVIL ACTION

VERSUS                                                                  No. 05-2598

UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS                                              SECTION:  I/4

ORDER AND REASONS

Before the Court is a motion filed on behalf of defendant, the United States of America,

to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of

Civil Procedure and, alternately, pursuant to Rule 56.  For the following reasons, defendant's

motion to dismiss is **GRANTED**.

*BACKGROUND*

Plaintiff's action stems from her allegations of discrimination against her employer, the

Veterans Affairs Medical Center in New Orleans, Louisiana.  On October 31, 1998, plaintiff

filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC")

alleging that she had been discriminated against with regard to her gender and race and in

reprisal for her protected activities[1] when the department in which she worked, the Geriatrics and

_____

[1]Plaintiff asserts that she filed a discrimination claim against Dr. Richard Burton for slapping her.  Rec.
Doc. No. 1, p. 3.

Community Service Inpatient Line, was abolished and reorganized.[2] Plaintiff alleges that the

position she held, Clinical Coordinator, was abolished in July 1998, and that she was forced to

reapply for the same position when the position was transferred to a different department;

plaintiff contends that all other employees in the Community Service Inpatient Line were simply

reassigned.[3] On November 27, 2001, the Department of Veterans Affair's Office of Employment

Discrimination Complaint Adjudication ("OEDCA") found no discrimination.

Plaintiff appealed that decision to the EEOC's Office of Federal Operations ("OFO"),

which reversed the OEDCA's decision in part and found that plaintiff had been discriminated

against on the basis of her race.[4] The OFO remanded the case to the OEDCA to determine

compensatory damages and attorney's fees with respect to plaintiff's successful race

discrimination claim. The Department of Veterans Affairs requested reconsideration of the

OFO's decision, which was denied on July 16, 2003. Plaintiff did not request reconsideration of

the OFO's affirmation of the OEDCA's denial of her gender and reprisal discrimination claims.[5]

After reviewing documents submitted by plaintiff's attorney, Charles Jones, the OEDCA ordered

a $24,070 attorney's fees award and a $31,220.45 compensatory damages award. These amounts

were paid to Charles Jones and plaintiff, respectively, in 2004.[6] Plaintiff appealed the EEOC's

compensatory damage award; however, the EEOC denied plaintiff's appeal on March 23, 2005.[7]

---

[2]Rec. Doc. No. 18-2, p. 3.

[3]Rec. Doc. No. 1, pp. 2-3.

[4]Rec. Doc. No. 18-2, p. 4.

[5]Rec. Doc. No. 18-2, p. 4.

[6]Rec. Doc. No. 18-2, p. 5.

[7]Rec. Doc. No. 18-2, p. 4.

On June 24, 2005, plaintiff filed this lawsuit against the Secretary of the United States Department of Veterans Affairs, alleging discrimination based on gender, race, and reprisal. Plaintiff's complaint reiterates the discrimination that she alleged in the administrative proceeding; plaintiff also claims that she was denied a promotion in 1999 by the Nurse Professional Standards Board in retaliation for filing discrimination complaints.[8]  Plaintiff acknowledges that she received a final agency decision with which she disagrees.[9]  Plaintiff seeks compensatory damages, punitive damages, and attorney's fees.[10]

The United States filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) and, alternatively, for summary judgment pursuant to Rule 56 on December 7, 2006.  The United States argues that this Court lacks subject matter or that plaintiff has failed to state a claim because she is either impermissibly seeking a partial review of the damages awarded in her administrative action or she has foreclosed her opportunity for a full *de novo* review.  In addition, the United States argues that this Court lacks subject matter jurisdiction over plaintiff's additional claims because plaintiff failed to exhaust her administrative remedies or because these claims are moot.  Plaintiff's brief opposition to the motion of the United States merely notes that she negotiated the check for compensatory damages at the recommendation of her EEOC counselor, not the advice of her counsel, and that this should not bar further prosecution of her claim.[11]

---

[8]Rec. Doc. No. 1, pp. 2-3.

[9]Rec. Doc. No. 1, p. 4.

[10]Rec. Doc. No. 1, p. 7.

[11]Rec. Doc. No. 24.

Plaintiff has also requested permission to file an amended complaint.  While plaintiff has not filed any motion into the record of this case, the Court has obtained the written opposition of the United States and will dispense with plaintiff's request in this order.

## *LAW AND ANALYSIS*

### I.  Standard of Law

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Such a motion may be decided by the court on one of three bases:  (1) the complaint alone; (2) the complaint and the undisputed facts in the record; or (3) the complaint, the undisputed facts in the record, and the court's own resolution of disputed facts.  *Ynclan v. Dep't of the Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  In a Rule 12(b)(1) motion, the burden of proving that jurisdiction does exist falls to the party asserting jurisdiction.  *Ramming*, 281 F.3d at 161.  The motion to dismiss should only be granted "if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."  *Id.* (citation omitted).

### II.  Discussion

*A.  Lack of Jurisdiction*

28 U.S.C. § 2000e-16(c) permits a party to bring a civil action in federal court "if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint" by the agency.  Pursuant to this subsection, employees may obtain *de novo* trial of their Title VII claims.  *Chandler v. Roudebush*, 425 U.S. 840, 844-45, 96 S. Ct. 1949, 1952, 48

L. Ed. 2d 416 (1976).[12]  This *de novo* consideration, however, does not entitle the plaintiff to a

piecemeal review of certain issues.  "[A] plaintiff seeking relief under § 2000e-16(c) is not

entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same

time binding the government on the issues resolved in his or her favor."  *Timmons v. White*, 314

F.3d 1229, 1233 (10th Cir. 2003).  "[T]he plain meaning of the term 'trial de novo' demonstrates

that a plaintiff who brings an action under § 2000e-16(c) is not entitled to limit the court's

review to the issue of remedy only."  *Id.  See also Laber v. Harvey*, 438 F.3d 404, 421 (4th Cir.

2006) (noting that to permit federal employees to challenge only their remedial award "would

therefore encourage, rather than discourage, resolution of suits by judicial, as opposed to

administrative, means"); *Morris v. Rumsfeld*, 420 F.3d 287, 294 (3d Cir. 2005); *Johanns*, 409

F.3d at 471-72; *St. John v. Potter*, 299 F. Supp. 2d 125, 128 (E.D.N.Y. 2004).  Plaintiff's

complaint states that "through the [EEOC]'s appellate process she received a final agency

decision on compensatory damages dated March 23, 2005 which she disagreed with."[13]  To the

extent that plaintiff is seeking only to challenge the damage award she received, the Court has no

jurisdiction to review the EEOC's decision pursuant to § 2000e-16(c).  Plaintiff's only recourse

would be to seek a full *de novo* trial of all of the issues she litigated at the administrative level.

    The United States, however, posits that plaintiff is barred from relitigating her claims *de

novo* because she and her attorney have not returned the awards that they received from the

---

[12]In addition, employees may also bring an enforcement action in federal court where the employing agency
fails to comply with the administrative decision.  *See Scott v. Johanns*, 409 F.3d 466, 469 (D.C. Cir. 2005) (citing
*Wilson v. Pena*, 79 F.3d 154 (D.C. Cir. 1996)); *Houseton v. Nimmo*, 670 F.2d 1375 (9th Cir. 1982)).  In this case,
however, plaintiff and her attorney were paid the sums ordered by the OEDCA, and plaintiff has not presented any
allegations regarding the agency's non-compliance.

[13]Rec. Doc. No. 1, p. 4.

OEDCA.  The United States correctly argues that "the plaintiff may not obtain review of the

compensatory damages award while accepting the other benefits offered by the final agency

decisions."  *Miller v. Peters*, No. 00-480, 2000 U.S. Dist. LEXIS 22762, at *3 (E.D. Va. Jun. 9,

2000); *see also St. John*, 299 F. Supp. 2d at 129 ("The defendant has a right to expect that

payment rendered in full satisfaction of a valid order of an administrative agency will not be

ignored or undone.") (citing *New York v. Hendrickson Bros.*, 840 F.2d 1065, 1087 (2d Cir.

1988), *inter alia*); *Legard v. England*, 240 F. Supp. 2d 538, 545 (E.D. Va. 2002) (adopting

magistrate judge's report and recommendation, which held that "the Court is without jurisdiction

to review plaintiff's compensatory damages award when plaintiff has already accepted the other

relief granted at the administrative level.").  Plaintiff does not allege that she returned or

attempted to return any of the money she or her attorney received since filing this action.  Even

if the Court were to assume that plaintiff's initial complaint sough a *de novo* review of the claims

she presented at the administrative level, the Court lacks the jurisdiction necessary to conduct

such a review because plaintiff has retained the disputed award.

B.  *Motion for Leave to Amend for Full* De Novo *Review*

Apparently in response to this jurisdictional obstacle, plaintiff requested leave to amend

her complaint "in order that plaintiff and counsel may return funds sent to them in this matter."

Plaintiff's proposed amendment includes only two material changes.  First, in describing OFO's

finding with regard to discrimination against her, plaintiff states that the OFO "found that the

U.S. Department of Veterans Affairs' actions against her were motivated by unlawful

discrimination based on sex and reprisal."  The phrase "based on sex and reprisal" is an addition

to her original complaint, but it is incorrect.  The OFO determined that plaintiff had not

established a prima facie case of either retaliation or sex discrimination and affirmed the

OEDCA's decision with regard to these issues; the OFO found discrimination only with regard

to race.[14]  Second, plaintiff states that "she is prepared to return all funds sent to her prior to

institution of this action."  Besides the statement that plaintiff is willing to return any awards she

has already received in order to proceed with her claims, nothing in plaintiff's amended

complaint changes the issues before the Court.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend the

pleadings "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Fifth

Circuit, however, has explicitly held that Rule 16(b) governs amendment of pleadings after a

scheduling order deadline has expired.  *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546

(5th Cir. 2003); *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th

Cir. 2003).  Rule 16(b) provides that a scheduling order "shall not be modified except upon a

showing of good cause and by leave of the district judge."  The good cause requirement for a

modification of a scheduling deadline requires the "party seeking relief to show that the

deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S*

*& W Enters.*, 315 F.3d at 535 (citation and internal quotation omitted); *see also Smith v. EMC*

*Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *Parish v. Frazier*, 195 F.3d 761, 763-64 (5th Cir.

1999) ("The party seeking leave to amend bears the burden of showing that the delay in

amending was due to oversight, inadvertence, or excusable neglect."); *STMicroelectronics, Inc.*

*v. Motorola, Inc.*, 307 F. Supp. 2d 845, 851 (E.D. Tex. 2004) (noting that "the good cause

showing unambiguously centers on [the mover's] diligence").

---

[14]Rec. Doc. No. 29-5, pp. 3-4.

Only when the movant demonstrates good cause to modify a scheduling order "will the

more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."

*S & W Enters.*, 315 F.3d at 536.  The Fifth Circuit has set forth a four-part test governing the

exercise of this Court's discretion in determining whether a movant has established good cause.

*See id.*  The Court considers:  (1) the explanation for the failure to timely move for leave to

amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment;

and (4) the availability of a continuance to cure such prejudice.  *Id.*; *see also Sw. Bell*, 346 F.3d

at 546.

The Court's scheduling order, issued on July 19, 2006, stated that amendments to

pleadings must be filed on or before August 18, 2006.[15]  Plaintiff's attorney, however, requested

an amendment on February 5, 2007, only two days before the scheduled pretrial conference and

a month before trial was scheduled to begin.  Counsel provides no explanation as to why this

motion was not timely filed or why there is good cause to permit the amendment at this late

stage.  Plaintiff's counsel has not argued or addressed the factors set forth in the four-part test

noted above at all .  The proposed amendment is offered, although the motion for dismissal has

been under advisement.[16]  Considering the *Motorola* factors, and notwithstanding the

continuance granted to consider only these motions, the Court finds no good cause to modify its

scheduling order, and plaintiff's request to amend her complaint will be denied.[17]

[15]Rec. Doc. No. 15.

[16]This motion to dismiss was set for hearing on January 10, 2007.

[17]In its opposition to plaintiff's motion to amend, the United States argues that courts have not allowed
similarly situated plaintiffs to return awards they have received to pursue their claims *de novo*; the United States
cites to both *St. John* and *Legard*.  In *St. John*, the Court only noted that the plaintiff had not offered to return the
money she had received; the court did not suggest that she was precluded from doing so.  299 F. Supp. 2d at 129.  In
*Legard*, the magistrate judge's report notes that the plaintiff returned his compensatory damages award and offered

*C. Plaintiff's Other Claims*

The United States argues that plaintiff's claim that she was denied a promotion in March 1999 by the Nurse Professional Standards Board, apparently in retaliation for filing discrimination complaints against her supervisors, should be dismissed because she has failed to exhaust her administrative remedies.[18]  The United States notes that plaintiff filed her EEOC claim on October 31, 1998, prior to this alleged reprisal, and that she did not raise this claim during her administrative proceedings.

Title VII requires that plaintiffs exhaust their administrative remedies before instituting a lawsuit in federal court.  "The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000).  "[A] judicial complaint filed pursuant to Title VII 'may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission.'"  *Nat'l Assoc. of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 711 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court.").  Because there is no indication that plaintiff exhausted her

---

to return the attorney's fees received by his former counsel post bond if these fees were not returned.  240 F. Supp. 2d at 545.  While the magistrate judge recommended that summary judgment be granted in favor of defendant, there is no discussion of this specific issue.  Moreover, the plaintiff in *Legard* had received other, non-pecuniary benefits from the administrative decision, including changes to his personnel file, which may have prompted the court to find that he was attempting to litigate his claims piecemeal. *Id.* at 542.  Plaintiff should not be permitted to amend her complaint and pursue her claims on *de novo* review for the above reasons; however, the Court does not find that the United States has shown, conclusively, that these cases dictate an alternate reason for denying her request.

[18]Rec. Doc. No. 1, p. 3.

9

administrative remedies with respect to these allegations, the Court finds that it has no

jurisdiction over plaintiff's claim regarding a discriminatory denial of promotion in March

1999.[19]

    Accordingly,

    **IT IS ORDERED** that the motion filed on behalf of defendant, the United States of

America, to dismiss plaintiff's complaint pursuant to Rules 12(b)(1) of the Federal Rules of Civil

Procedure[20] is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

    New Orleans, Louisiana, February ___27th___, 2007.

                                                         **LANCE M. AFRICK**
                                       **UNITED STATES DISTRICT JUDGE**

---

[19]The United States also argues plaintiff's claim related to an incident in which she was allegedly slapped by a doctor should be dismissed as moot. The United States notes that plaintiff agreed to settle this matter in 1993. Rec. Doc. No. 18-5, pp. 19-20. The Court is unclear whether plaintiff is attempting to relitigate this alleged incident or, if so, how plaintiff could show that any controversy remains to be adjudicated. To the extent that plaintiff is attempting to bring claims related to this alleged incident, they are dismissed as moot.

[20]Rec. Doc. No. 18.